# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| YVETTE J. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:17-cv-00183-SLC |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *sued as Andrew Saul, Commissioner of SSA*,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Yvette J. Anderson brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On July 18, 2018, this Court entered an Opinion and Order that reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 18).

Anderson's counsel, Ann M. Trzynka ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $13,168,63, less an offset of $9,000 for previously awarded attorney fees, for her representation of Anderson in federal court. (ECF 24). The Commissioner filed a response indicating that he neither supports nor opposes the motion (ECF 27); therefore, the motion is ripe for ruling. For the following reasons, the motion for attorney fees will be GRANTED.

### *A. Factual and Procedural Background*

On April 13, 2017, Counsel entered into a Federal District Court Fee Agreement (the

---

[1] Andrew Saul is now the Commissioner of Social Security, *see Aleithia Ann F. v. Saul*, No. 17 C 9158, 2019 WL 2644214, at *1 n.1 (N.D. Ill. June 27, 2019), and thus, he is automatically substituted for his predecessor, Nancy Berryhill, in this case. *See* Fed. R. Civ. P. 25(d).

"Fee Agreement") with Anderson for her representation of Anderson in federal court.[2] (ECF 24-1 at 34-35). The Fee Agreement provides that Counsel will receive twenty-five percent of any past due benefits awarded to Anderson and her family in the event her disability appeal is successful. (*Id.* at 34).

On April 26, 2017, Anderson filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). On July 18, 2018, this Court entered an Opinion and Order reversing the Commissioner's final decision and remanding the case to the Commissioner for further proceedings. (ECF 18).

On October 16, 2018, Anderson filed a motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $9,153 for the 46.7 hours that Counsel spent advocating Anderson's claim in federal court. (ECF 20). On October 30, 2018, the parties filed a stipulation to an EAJA fee award of $9,000. (ECF 22). The Court then granted the stipulated motion, ordering the Commissioner to pay the EAJA fee award of $9,000 to Anderson. (ECF 23).

The Commissioner sent a notice of award to Anderson on February 14, 2019, informing that she was entitled to Supplemental Security Income beginning September 2015. (ECF 24-1 at 2, 8). And on July 22, 2019, the Commissioner sent a notice of award to Anderson, stating that she was entitled to Disability Insurance Benefits beginning November 2015. (*Id.* at 2, 26). Consequently, Anderson was entitled to past-due benefits in the amount of $53,063. (*Id.* at 2). On November 21, 2019, Counsel filed the instant motion (together with affidavits, a memorandum, exhibits, and an affidavit), seeking fees under § 406(b) in the amount of

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

$13,168.63 for the 46.7 hours Counsel spent advocating Anderson's appeal in federal court. (ECF 24, 24-1, 24-2). Counsel further acknowledges that the $9,000 previously awarded EAJA fee award should be offset from the requested § 406(b) award of $13,168.63, leaving a net § 406(b) award of $4,168.63. (ECF 24-1 at 5).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Id.* at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a). There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. This twenty-five percent cap applies only to

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.* at 797.

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id*. at 807-08 (citations and footnotes omitted).

*C. Discussion*

The Court is charged with determining whether Counsel's requested fee of $13,168.63 under the Fee Agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A). Anderson was awarded $53,063 in past-due benefits. Thus, the fee amount that Counsel requests, $13,168.63, does not exceed twenty-five percent of Anderson's past-due benefits.

Counsel contends that the requested fee award of $13,168.63 is reasonable for the 46.7

hours she spent representing Anderson in federal court. (ECF 24-1 at 4). Here, Counsel's requested fee of $13,168.63 divided by the 46.7 hours she spent on the case in federal court equates to an effective rate of about $281.98 per hour.[5] This rate is well below many of the effective rates previously awarded in the Fort Wayne Division. *See, e.g.*, *Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572, at *4 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour).

Also, Counsel requested just one 14-day extension of time in briefing this case (ECF 13), and thus did not contribute to any significant delay of the lawsuit. *See Gisbrecht*, 535 U.S. at 808 (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits).

Furthermore, the risk of loss the attorney assumed in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v.*

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

5

*Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases.").

Accordingly, Counsel's requested fee award of $13,483.63 under § 406(b) will be authorized by this Court, but will incorporate an offset for the $9,000 in EAJA fees that Counsel already recovered, reducing the § 406(b) award to $4,168.63. (ECF 24 (acknowledging that Counsel's § 406(b) award should be reduced by the EAJA award of $9,000)); *see Gisbrecht*, 535 U.S. at 796.

### *D. Conclusion*

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 24) is GRANTED in the amount of $13,168.63, less an offset for the $9,000 in EAJA fees that Counsel was previously awarded, resulting in a net § 406(b) award of $4,168.63.

SO ORDERED.

Entered this 9th day of January 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge